1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PETER BESSONOV, TATYANA
     BESSONOV,
11                                              No. CIV S-10-1885 JAM EFB PS
                  Plaintiffs,
12
            vs.
13
     WACHOVIA MORTGAGE; FIRST            ORDER AND
14   HORIZON HOME LOAN; GOLDEN           ORDER TO SHOW CAUSE
     WEST SAVINGS ASSOCIATION
15   SERVICE CO.; and NDEX WEST LLC,

16                  Defendants.
     _____/
17

18          This case, in which plaintiffs are proceeding *pro se*, is before the undersigned pursuant to

19   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On July 16,

20   2010, defendants Wachovia Mortgage and Golden West Savings Association Service Co.

21   (collectively, "Wachovia") removed the action to this court from Placer County Superior Court

22   on the ground that plaintiffs' complaint alleges federal claims.  Dckt. No. 1.  Then, on August 5,

23   2010, Wachovia moved to dismiss and to strike plaintiff's complaint.  Dckt. Nos. 5, 7.  The

24   motions were noticed to be heard on October 27, 2010.  *Id.*

25          Court records reflect that plaintiffs have filed neither an opposition nor a statement of

26   non-opposition to Wachovia's motions.  Local Rule 230(c) provides that opposition to the

1

granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by October 13, 2010.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The hearing date on Wachovia's motion to dismiss and motion to strike is continued to November 24, 2010.

2.  Plaintiffs shall show cause, in writing, no later than November 10, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3.  Plaintiffs shall file an opposition to the motions, or a statement of non-opposition thereto, no later than November 10, 2010.

4.  Failure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motions, and may result in a recommendation that this action be dismissed for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

////

5.  Wachovia may file a reply to plaintiffs' opposition(s), if any, on or before November 17, 2010.

6.  The status (pretrial scheduling) conference currently set for November 24, 2010 is continued to December 22, 2010.

7.  On or before December 8, 2010, the parties shall file status reports, as required by the order issued on July 19, 2010, Dckt. No. 3.

SO ORDERED.

DATED:  October 18, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE